UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMANTHA G. CHANEY, *et al.*,

Plaintiffs,

v.

JOSEPH LEHMAN,

Defendant.

Case No. C04-5881FDB

ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiffs are four inmates who were released from the Washington Department of Corrections (DOC) incarceration and placed on community custody pursuant to the requirements of their criminal judgments and sentences. Plaintiffs allege that they were released from incarceration past their earned early release date (ERD) and that they were not provided a due process hearing before they were kept beyond their ERD.

The issue in this cause of action is whether it was clearly established under the Due Process Clause of the 14th Amendment that inmates are entitled to a hearing before a release plan is denied when the inmate is held beyond their earned early release date and the inmate is subject to community custody or community placement. The Magistrate Judge concluded that the defendant is entitled to qualified immunity, and Plaintiffs have filed objections.

The applicable statutes in this case are set forth in the Magistrate Judge's Report and Recommendation. Especially pertinent is that part of RCW 9.94A.728, regarding earned release time whereby inmates convicted of certain offenses "may become eligible, in accordance with a program developed by the department, for transfer to community custody status in lieu of earned release time pursuant to subsection (1) of this section." RCW 9.94A.728(2)(a). Section (2) goes on

ORDER - 1

to provide:

> (d) The department may deny transfer to community custody status in lieu of earned release time pursuant to subsection (1) of this section if the department determines an offender's release plan, including proposed residence location and living arrangements, may violate the conditions of the sentence or conditions of supervision, place the offender at risk to violate the conditions of the sentence, place the offender at risk to reoffend, or present a risk to victim safety or community safety. The department's authority under this section is independent of any court-ordered condition of sentence or statutory provision regarding conditions for community custody or community placement;

RCW9.94A.728(2)(d).

There is no constitutional right to release before expiration of an inmate's sentence. *Greenholtz v. Inmates of Nebraska*, 442 U.S. 1 (1979). Whether or not a liberty interest is created by a state, which may be protected by the Due Process Clause was analyzed in *In re Cashaw*, 123 Wash. 2d 138 (1994):

> For a state law to create a liberty interest, it must contain "substantive predicates' to the exercise of discretion and <u>"specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow."</u> *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 463, 109 S.Ct. 1904, 1910. 104 L.Ed.2d 506 (1989); *Swenson v. Trickey*, 995 F.2d 132, 134 (9th Cir.), *cert. denied*, 510 U.S. 999, 114 S.Ct. 568, 126 L.Ed.2d 468 (1993). <u>Thus, laws that dictate particular decisions given particular facts can create liberty interests, but laws granting a significant degree of discretion cannot.</u>

*In Re Cashaw*, 123 Wn.2d at 144 (emphasis added).

The Magistrate Judge correctly analyzed the statutory provisions, which provide for earning early release. While early release will be automatic for some inmates because they have no supervision following incarceration, those inmates who, because of their sentences, face community placement or community custody may be released to such community placement or custody only if – in the discretion of the Department of Corrections – the offender's proposed release plan, including residence location and living arrangements do not violate the conditions of sentence or supervision or place the offender at risk to violate conditions of sentence or to reoffend or present a risk to victim safety or community safety. The statute, thus, provides to the Department of Corrections a

ORDER - 2

"significant degree of discretion" and does not create a liberty interest that implicates the Due Process Clause of the United States Constitution.

Under the doctrine of qualified immunity, officials are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The qualified immunity doctrine "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 112 S. Ct. 534, 537 (1991).

As determined above, there is no clearly established right to a hearing prior to denial of release to community custody status in lieu of earned release time under the provisions of RCW 9.94A.728(2)(d). Defendant, therefore, is entitled to qualified immunity.

For the above reasons and for those more extensively elaborated in the Report and Recommendation and the memoranda of Defendant, the Court adopts the Report and Recommendation. ACCORDINGLY, The Court, having reviewed the Report and Recommendation of Magistrate Judge J. Kelley Arnold, objections to the report and recommendation, and the remaining record, does hereby find and ORDER:

(1) The Court adopts the Report and Recommendation;

(2) All damage claims are dismissed with prejudice based on a finding of qualified immunity.

(3) The Clerk is directed to send copies of this Order to plaintiffs, and to the Hon. J. Kelley Arnold.

(4) Motion of Earl Anderson (Dkt. 19) is resolved per this order, Item # 3.

DATED this 21st day of October, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3